## Case No. 7,611.

KANSAS VAL. NAT. BANK v. ROWELL.

[2 Dill. 371; [1] 1 Thomp. Nat. Bank Cas. 264.]

Circuit Court, D. Kansas. 1873.

NATIONAL BANKS—POWER TO TAKE REAL-ESTATE SECURITY.

1. A bank organized under the national banking act of June 3, 1864 [13 Stat. 99], can not take a mortgage upon real estate as a security for a debt concurrently created or for future advances.

[Cited in Farmers' & Mechanics' Bank v. Baldwin, 23 Minn. 208; Crocker v. Whitney, 71 N. Y. 170. Distinguished in Life Ass'n of America v. Cook, 20 Kan. 27. Cited in Graham v. National Bank of New York, 32 N. J. Eq. 808.]

2. Sections 8 and 28 of said act construed.

[This was a suit by the Kansas Valley National Bank of Topeka against Milo Rowell, assignee in bankruptcy of P. C. Schuyler & Son, bankrupts.]

The bill of the complainant is for relief, and asks the decree of this court for the reformation of a mortgage executed by Philip C. Schuyler, one of the bankrupts, upon the ground that, by mistake, the instrument was so drawn as not to embrace the particular property which had been agreed upon, and which it was intended between complainant and said bankrupt should be embraced therein. The bill sets forth the negotiations and inducements which resulted in the execution of the mortgage, with the consideration moving from the complainant to the bankrupt therefor. The bill is accompanied by the mortgage, the reformation of which is prayed, and reference thereto for greater certainty is made. The bill charges that on the 8th day of August, 1870, the bankrupts were indebted to the complainant $3,003.31, for money loaned and advanced before that date, and that a note for that amount was that day made by the bankrupt, Philip C. Schuyler, therefor, payable ninety days thereafter. That on the 8th day of August, 1870, "as the result of certain negotiations which for some time then past had been going on between your orator and said bankrupt, Philip C. Schuyler proposed to give your orator a mortgage" to secure the note for $3,003.31, "and, besides securing said note, was also to secure the repayment to your orator of any sum or sums of money not exceeding in the aggregate the sum of $3,000, which your orator might or should advance to the said Philip C. Schuyler & Son, at any time within one year from the date of said mortgage, to-wit: the 8th day of August, A. D. 1870, it having been agreed between your orator and said bankrupts previously to the taking of said mortgage, and as a part of the agreement made during said negotiations, that your

_____
[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

orator would advance to said bankrupts said amount of money, provided the said advances should be secured by a mortgage on said premises," &c. The bill then alleges that the property was of great value, by reason of mills thereon, "and upon the inducement of obtaining a mortgage on said premises as security, your orator was persuaded to take said mortgage and to make said agreement to advance," &c. The agreement between the complainant and the bankrupt, as thus particularly set forth, shows that the consideration upon which the bankrupt agreed to make the mortgage was: First, the existing debt of the bankrupts, P. C. Schuyler & Son, to the complainant; and second, the agreement by the complainant that it would make the future advances, provided they were secured by the mortgage. The bill alleges that such advances were afterwards made to the bankrupt pursuant to said agreement. The eighth section of the national banking or currency act, of June 3d, 1864, in enumerating the powers of associations formed thereunder, provides that they "may make contracts * * * as fully as natural persons, * * *" and "exercise under this act all such incidental power as shall be necessary to carry on the business of banking by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; by receiving deposits; by buying and selling exchange, coin, and bullion; by loaning money on personal security; by obtaining, issuing, and circulating notes according to the provisions of this act; and its board of directors shall also have power to define and regulate, by by-laws, not inconsistent with the provisions of this act, the manner in its general business shall be conducted, and all the privileges granted by this act to associations organized under it shall be exercised and enjoyed." &c. The twenty-eighth section enacts "that it shall be lawful for any such association to purchase, hold, and convey real estate, as follows: First. Such as shall be necessary for its immediate accommodation in the transaction of its business. Second. Such as shall be mortgaged to it in good faith by way of security for debts previously contracted. Third. Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings. Fourth. Such as it shall purchase at sales under judgments, decrees, or mortgages, held by such association, or shall purchase to secure debts due to said association. Such association shall not purchase or hold real estate in any other case, or for any other purpose, than as specified in this section. Nor shall it hold the possession of any real estate under mortgage, or hold the title and possession of any real estate purchased to secure any debts due it for a longer period than five years." The cause came before the court on a general demurrer to the bill for want of equity.

C. C. Clemens, for complainant.

John K. Cravens, for assignee.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. The mortgage of which a foreclosure is sought, was made by the bankrupt for the double purpose of securing a debt to the plaintiff previously contracted, and to secure future advances, which are alleged to have been subsequently made. The mortgage is upon real estate. The bill alleges a mistake in the description of the property, and asks that this mistake be corrected and the mortgage foreclosed. The assignee files a general demurrer, and insists that under the national banking act of June 3, 1864 (sections 8 and 28), the plaintiff, as a corporation organized under that enactment, has no right to take, hold, or foreclose a mortgage upon real estate, except as a security for a debt contracted before the taking of such mortgage; that the mortgage here in question was made upon but one consideration, part of which, to-wit, that part which related to future advances, is illegal, and being so, the mortgage is wholly void.

Upon the averments of the bill it is my opinion that the mortgage was made for the two purposes above mentioned, namely, to secure a precedent debt to the bank, and also to secure future advances to be made by the bank. I am also of the opinion (under sections 8 and 28 of the national banking act), that a mortgage upon real estate is clearly authorized as "a security for debts previously contracted," and as clearly unauthorized when made as a security for money to be thereafter advanced by the bank, on the strength of such security.

The mortgage in question rests upon a valid consideration, and is authorized by the law, so far as it secures a debt previously due to the bank, by the mortgagor; and it is invalid so far as it undertook to secure a debt then or thereafter to be created. The line which separates that which is good from that which is bad, is plain; and I am of opinion that the defendant's counsel are mistaken in supposing this to be a case in which the consideration is indivisible and the whole mortgage void. The two parts of the security are easily separable, and the result is that the good stands, and the bad must fall.

It follows that the court may correct the mistaken description in the mortgage in suit and enforce the same, so far, and so far only, as it was given to secure a debt to the bank previously contracted. The demurrer being general, it is overruled. Judgment accordingly.

See, on subject of foregoing opinion. Fowler v. Scully [72 Pa. St. 456]; Baird v. Bank of Washington, 11 Serg. & R. 411; Blunt v. Walker, 11 Wis. 347; Silver Lake Bank v. North, 4 Johns. Ch. 372. Mortgages to national banks

are valid for previous debts. Allen v. First Nat Bank of Xenia (Sup. Ct. Ohio, 1872) [23 Ohio St. 97].